## Ferriman, et al. v. Sloan, et al.

(Decided January 11, 1927.)

### Appeal from McCracken Circuit Court.

Landlord and Tenant—Storeroom, Constructed Under Agreement that no Additional Rent would be Charged, Being Part of Leased Premises, Goods Therein Were Subject to Distraint.—Additional storeroom, added to leased building by lessees under agreement that no additional rent would be charged for same, became part of leased building, and goods in that room were subject to distraint for arrears in rent, since lessees had no right to occupy room in question independently of lease.

EDGAR T. WASHBURN for appellants.

J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Mert Sloan, Sam Sloan and Harry Sloan, doing business under the firm name of Sloan Brothers, were the

owners of a storehouse on Broadway in Paducah consisting of two tenements. Their predecessors in title had leased to F. M. Ferriman and Gertrude Ferriman the east side of the building with a frontage of about 18 feet and a depth of about 80 or 90 feet. Between the easterly wall of the storeroom and the wall of the adjoining property owned by Mrs. Fowler, there was a small offset, which was unenclosed and unroofed. Some time prior to the purchase of the property by the Sloans, the Ferrimans enclosed the space and constructed a small storeroom under an agreement with the then owners that they were not to be charged any additional rent. The new room was used for a while as a storeroom, but was afterwards converted into a beauty parlor which was conducted in connection with the millinery business located in the main storeroom. After the Sloans acquired title the rent seems to have been increased.

Falling behind in their rent, a distress warrant was levied and the property in the beauty parlor was appraised and sold. Proceeding on the theory that this property was not on the leased premises, the Ferrimans brought this action to recover the property or its value. At the conclusion of their evidence the trial court directed a verdict in favor of the Sloans. The Ferrimans have appealed.

Appellants insist that the beauty parlor room was not a part of the leased premises, but was occupied by appellants as mere licensees, and, that being true, the property in that room was not subject to distraint. In support of this position it is argued that if A leases ten acres of land to B and then permits B to fence and occupy five additional acres without paying rent therefor, the five acre tract is not a part of the leased premises and any live stock that B may place on the five acre tract is not subject to distraint. Whatever may be the rule in that state of case it is sufficient to say that the facts are wholly dissimilar. Appellants were the tenants of appellees and their predecessors in title. The ground on which the beauty parlor room was placed belonged to the lessors. Its construction under an agreement that no additional rent was to be charged did not give appellants the right to occupy the room in question independently of the lease. On the contrary, the room was just like any other addition that the tenant might make to the premises.

When made and attached to the leased building it was just as much a part of the leased premises as the main storeroom itself. It follows that the goods in that room were subject to distraint, and the trial court did not err in directing a verdict in favor of appellees.

Judgment affirmed.